**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| **CAREY LENEIL MCCOMAS,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **-V-** | : | |
| | : | **Case No. 3:24-CV-00089-CDL** |
| **THE UNIFIED GOVERNMENT OF ATHENS, CLARKE COUNTY GEORGIA, KELLY GIRTZ, IN HIS OFFICIAL CAPACITY, ATHENS CLARKE COUNTY POLICE DEPARTMENT, JERRY SAULTERS, IN HIS OFFICIAL CAPACITY, JIMMY KING, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, CALEB CAMERON, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, STANLEY DENIS, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, AND AUSTIN FALCON, IN HIS OFFICIAL CAPACITY,** | : | |
| | : | |
| **Defendants.** | : | |

## SCHEDULING AND DISCOVERY ORDER

The parties held a Rule 26(f) conference on November 26, 2024. In accordance with the Court's Rules 16 and 26 Order dated November 12, 2024, the parties to this action conferred and jointly developed this Proposed Scheduling and Discovery Order (the "Proposed Order") containing deadlines and limitations as follows:

## I. NATURE OF THE CASE:

*Please include a brief description of the nature of the case and the legal issues to be tried. This summary should not be argumentative nor recite the evidence but should call the Court's attention to any unique or complex issues or circumstances surrounding the case.*

Plaintiff brought this action against Defendants after being arrested on May 29, 2023, and on August 12, 2023, and being charged with Criminal Trespass on both occasions. (Doc. 1). Plaintiff alleged violations of his state and federal constitutional rights including, unlawful detention, kidnapping, false imprisonment and conversion. Plaintiff seeks economic, compensatory, and punitive damages. Defendants deny any liability in this matter, deny any violations of any Georgia or United States law, and further deny that Plaintiff's constitutional rights, state or federal, were violated in any way.

Plaintiff states that: Plaintiff brought this action against Defendants after being banned from his home by the defendants at 150 Pine Lodge Rd. wherein he was the lawful and rightful occupant. This barring of the plaintiff on May 15, 2023 presents a unique and complex issue as it infringes on the clearly established rights of the people. This ban policy is the original cause of action, and the practice of the policy, to which the ACCPD is now custom to using and is the basis for the 42 U.S.C. § 1983 portion of the suit. The plaintiffs' arrests for trespassing were the result of the issuance of the ban order. The first arrest was on May 29, 2023, the second arrest occurred on August 12th, 2023. Then on May 31, 2023 the plaintiffs mugshots were published online which is another unique and complex issue to which the attention of the court is needed, considering the fact that O.C.G.A. § 35-1-19 (c) (1) & (2) strictly forbids the issuance of booking photographs by an arresting agency for use in any publications. The timing and publishing of these mugshots are consistent with the elements of Libel Defamation. (Doc. 1). The plaintiff alleged deprivation of his state and federal constitutional rights under color of law, unlawful detention, kidnapping, false

imprisonment, and malicious prosecution. The plaintiff seeks actual, potential, presumed, special, economic, compensatory, and punitive damages.

## II. COUNSEL OF RECORD:

The following individually named attorneys are designated lead counsel for the parties:

*Please include all relevant contact information for each lead counsel or pro se litigant, including mailing address, phone number, facsimile number, and email address.*

Lead Counsel for Plaintiff:

**Carey McComas**
**Propria Persona**
115 Beaver Ridge Drive
Winterville, Georgia 30683
(762) 347-8026
cmccom13@gmail.com

Lead Counsel for Defendants:

**Gregory C. Sowell**
Georgia Bar No. 668655
**Samuel C. Kennon**
Georgia Bar No. 458844
**JAMES BATES BRANNAN GROOVER, LLP**
One Press Place, Suite 200
Athens, GA 30601
(706) 215-8321 (Telephone
(706) 215-8322 (Fax)
goswell@jamesbatesllp.com
skennon@jamesbatesllp.com

**James F. Banter**
Georgia Bar No. 581797
**JAMES BATES BRANNAN GROOVER, LLP**
231 Riverside Drive
Macon, GA 31201
(478) 749-9992 (Telephone)
(478) 742-8720 (Fax)
jbanter@jamesbatesllp.com

## III. COMPLAINT AND ANSWER FILING DATES:

Complaint filed: September 9, 2024. (Doc. 1).

Answer filed: The individual answers of Defendants Unified Government of Athens-Clarke County, Mayor Kelly Girtz, Athens Clarke County Police Department, Chief of Police Jerry Saulters, Jimmy King, Caleb Cameron, Stanely Denis, and Austin Falcon to Plaintiff's Complaint were filed November 8, 2024. (Docs. 3, 4, 5, 6, 7, 8, 9, 10).

| | |
|---|---|
| Amended Complaint Filed: | December 16, 2024. (Doc. 13). |
| Answer to Amended Complaint Due: | December 30, 2024. |

## IV. DISCOVERY DEADLINES:

### A. Time for Discovery

The time for discovery in this case shall expire June 22, 2025, that being no more than 180 days after the submission of the Proposed Scheduling and Discovery Order to the Court. The Parties are stipulating this time is necessary to ensure that proper discovery may be made by each Party. Because this matter involves eight different defendants, one of which is a governmental entity and another who is an elected official of said entity, the scheduling and taking of depositions alone will likely prove challenging given the numerous schedules involved.

If a party believes that more time for discovery is needed, an appropriate motion, accompanied by a proposed order for the Court, may be filed setting forth good cause for an extension.

Plaintiff states: It is the opinion of the plaintiff that every discoverable fact was recorded by the defendants through body cam footage, police reports and court documents. And that adding more time than what is necessary to discover facts that are already a matter of public record is unreasonable. Any attempt to excuse the defendants mis-conduct will prove that the defendants were negligent. Furthermore the ACCUG and the ACCPD are fictional entities, who through their respective officials are liable for the written and unwritten policies they propagate and enforce through their hired agents on a daily basis.

**B. Scope of Discovery**

*Please state the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues. See Fed. R. Civ. P. 26(b)(1), (f)(3)(B).*

The Parties intend to seek discovery related to the factual basis for Plaintiff's 42 U.S.C. § 1983 claims, his 18 U.S.C. § 241 claims, his 18 U.S.C. § 242 claims, and his related claims for intentional infliction of emotional distress, kidnapping, false imprisonment, defamation of character, and theft, Defendants' alleged liability, Defendants' defenses, Plaintiff's alleged damages, and all other discoverable information bearing on the claims in this case. The parties do not anticipate a need to conduct discovery in phases or limit discovery beyond the limitations set forth in the Federal Rules of Civil Procedure.

Plaintiff states: The plaintiff intends to discover the policy through which the ACCPD justifies issuance of a ban order on an alleged trespasser, and whether or not the aforementioned policy is due to a defect of O.C.G.A 16-7-21, a mis-interpretation or an abuse of power, that led the defendants to making a decision that would have the potential to infringe on the clearly established right of due process, without first seeking the approval of a qualified judge. Furthermore the plaintiff intends to discover the defendants personal interpretations, and value of the written directives set forth by the ACCPD, specifically.

8.02: Non-Biased policing-Officers who assume that someone is a victim just because they called the police may bypass a crucial step in an investigation.

5A.09: arrest procedures, identification of the person against who an alleged crime was committed.

5.06.05 Identification

5.06 Eyewitness identification

5A.03.02 (D) (E) Reasonable suspicion

5A.02 Criminal investigations include being thorough and professional

1.17.05 Records

1.17 Central records authority

1.04.02 Code of conduct states that (ignorance of the law will not be an excuse for misconduct)

1.04.02 (2), & (4)

1.04 ,(A),(B),(C),(G),(I),(W),(X)

As well as the expectations for officers to comprehend laws and constitutional rights, both state and federal as follows:

O.C.G.A.§ 16-7-21

O.C.G.A. § 35-1-19

42 U.S.C. §§ 1985, 1983

18 U.S.C §§ 241, 242

Article 1, Section 1, Paragraph 1,6,7,11, & 12 of the Georgia State Constitution

5th, and 14th, amendments to the United States Constitution

**C. <u>Electronically Stored Information</u>**

*Please discuss any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced. See Fed. R. Civ. P. 16(b)(3)(B)(iii), 26(f)(3)(C).*

The parties agree that the format for production of electronically stored information is a Portable Document Format (PDF) and that the ESI can be produced in disk format without regard

for metadata. The parties have agreed to inquire promptly regarding the extent and types of information which may be stored electronically and to cooperate on the manner in which any such information will be produced. The parties will discuss reasonable ESI search terms, date limitations and key witnesses for ESI searches as discovery progresses, as well as the manner in which any such information will be produced so as to avoid unduly burdensome and irrelevant requests of any party. In the event any limitations are requested for which the parties cannot reach an agreement, the parties shall request a conference with the Court.

**D. <u>Privilege Claims</u>**

*Please discuss any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the Court to include their agreement in an order under Federal Rule of Evidence 502. See Fed. R. Civ. P. 16(b)(3)(B)(iv), 26(f)(3)(D).*

The parties agree that any responsive documents withheld or redacted on the basis of privilege or work-product protection will be listed on a privilege log including the following information: identification of the sending and receiving parties; date; subject matter; and the basis of the privilege. However, the parties agree to a categorical exclusion of communications between the parties and their counsel of record after the filing date of the Complaint on the basis of attorney-client privilege and/or attorney work-product, thereby releasing the parties of an obligation to enter those communications in a traditional privilege log. The parties further agree to continue discussions of a more expansive categorical privilege log in the event a traditional privilege log would significantly delay production. The parties do not anticipate any additional issues related to claims of privilege or of protection of trial preparation materials other than those that may be addressed in a proposed protective order, clawback agreement, or an Order pursuant to Federal Rule of Evidence 502(d) pertaining to inadvertent disclosure of privileged or trial preparation

materials. Should a dispute arise, the parties agree that they will confer in good faith before filing any motions related to claims of privilege.

### E. Witnesses to be Deposed

*Please include the name and address of every witness to be deposed, including the proposed time, date, and place for each deposition.*

Plaintiff intends to depose the following witnesses and reserves the right to revise this list of witnesses as necessary based on discovery:

Clarence Dake

Aaron Mccomas

Elizabeth Free

Plaintiff reserves the right to depose any and all witnesses listed on Defendants' current witness list, or who may be added by Defendants at a later time.

Defendants intend to depose the following witnesses, and reserve the right to revise this list of witnesses as necessary based on discovery:

- Carey Leneil McComas
  115 Beaver Ridge Drive
  Winterville, Georgia 30683

Defendants reserve the right to depose any and all witnesses listed on Plaintiff's current witness list, or who may be added by Plaintiff at a later time.

The Parties agree that this subsection may be amended by mutual agreement, and to determine mutually convenient dates and locations for any and all depositions.

**F. Expert Witnesses**

**1. Designation of Experts**

The Plaintiff must disclose the identity of any expert witness on or before February 6, 2025, that being no more than 90 days after the submission of Defendants' Answers.

Defendants must disclose the identity of any expert witness on or before March 8, 2025, that being no more than 120 days after the submission of Defendants' Answers.

Any rebuttal expert testimony must be submitted within 30 days after the other party's disclosure. See Fed. R. Civ. P. 26(a)(2)(D)(ii).

**2. Expert Reports**

Expert reports shall comply with Federal Rule of Civil Procedure 26(a)(2)(B) and must accompany the Parties' disclosure of expert witnesses. Any supplemental expert reports for the purpose of adding or changing information in the originally disclosed expert report must be served by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

**G. Discovery Limitations or Need for Protective Order**

The parties agree that requests for admission that are propounded solely to authenticate documents as provided for under Federal Rule of Civil Procedure 36(a)(1)(B) are excluded from Local Rule 36's limitation on the number of requests to admit that can be propounded.

Should medical records be requested during discovery, such discovery may raise various confidentiality issues. In such instances, the Parties may request the entry of a reasonable and narrowly-tailored Protective Order agreed upon by the parties.

*Please include here any other relevant matters, including any matters referenced in Rule 26(f).*

The parties will meet and confer in good faith regarding any other relevant matters, including any matters referenced in Rule 26(f).

**H. Discovery Disputes**

Before moving for an order relating to discovery, including motions to compel or contested motions for protective orders, the parties shall meet IN PERSON confer and attempt in good faith to resolve the discovery dispute. If the dispute remains unresolved and a motion is filed, counsel shall certify that they have conferred in good faith and attempted to resolve the dispute without court action but were, nevertheless, unable to resolve said dispute.

**V. TIME FOR FILING MOTIONS:**

**A. Motions to Amend the Pleadings or to Join Parties**

All motions seeking to amend the pleadings or to join parties must be filed no later than February 21, 2025, that being no more than 60 days after the entry of this Scheduling and Discovery Order.

**B. Dispositive Motions**

All dispositive motions must be filed no later than August 6, 2025, that being no more than 45 days after the expiration of discovery in this case pursuant to the Court's Rules 16 and 26 Order.

**C. *Daubert* Motions**

All *Daubert* motions must be filed no later than August 27, 2025, that being no more than 21 days after the time to file dispositive motions in this case pursuant to the Court's Rules 16 and 26 Order.

## VI. CERTIFICATION OF THE PARTIES AND COUNSEL:

The Parties, by the signature of counsel below, certify they have conferred and discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case, pursuant to Local Rule 26(a).

Counsel further certify they have read the Court's Rules 16 and 26 Order. All counsel of record shall digitally sign on the following page.

This 23rd day of December, 2024.

/s/Gregoy C. Sowell

GREGORY C. SOWELL
Georgia Bar No. 668655
/s/Samuel C. Kennon
SAMUEL C. KENNON
Georgia Bar No. 458844
*Attorney for Defendants*
JAMES BATES BRANNAN GROOVER, LLP
One Press Place, Suite 200
Athens, GA 30601
(706) 215-8330 (Telephone) (706) 215-8322 (Fax)
gsowell@jamesbatesllp.com

/s/James F. Banter

JAMES F. BANTER
Georgia Bar No. 581797 *Co-counsel for Defendants*
JAMES BATES BRANNAN GROOVER, LLP
231 Riverside Drive
Macon, GA 31201
(478) 749-9992 (Telephone) (478) 742-8720 (Fax)
jbanter@jamesbatesllp.com

CAREY LENEIL MCCOMAS

762-347-8026
115 Beaver Ridge Drive
Winterville, Georgia 30683
*Propria Persona*
cmccom13@gmail.com

The Court, having reviewed the information contained in the Proposed Scheduling and Discovery Order completed and filed jointly by the parties to this action, hereby **ADOPTS** the parties' plan and **MAKES IT THE ORDER OF THE COURT**.

**SO ORDERED**, this 26th day of December, 2024.

s/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE