IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| CAREY LENEIL MCCOMAS, | * |
| Plaintiff, | * |
| vs. | * |
| | CASE NO. 3:24-cv-89 (CDL) |
| UNIFIED GOVERNMENT OF ATHENS CLARKE COUNTY, *et al.*, | * |
| | * |
| Defendants. | * |
| | * |

O R D E R

*Pro se* Plaintiff Carey Mccomas filed a motion for leave to amend his complaint to assert a defamation claim against four new Defendants: the Athens-Clarke County Sheriff's Office ("ACCSO"), Sheriff John Q. Williams, and two fictitious Defendants. Because any such defamation claim would be barred by the statute of limitations, the proposed amendment would be futile. Accordingly, the Court denies Mccomas's motion (ECF No. 23).

STANDARD

Ordinarily, "a party may amend its pleading only with the opposing party's written consent or the [C]ourt's leave" and the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).[1] However, "a district court may properly deny

---

[1] There are circumstances in which a party may amend its pleading once as a matter of course. Fed. R. Civ. P. 15(a)(1). Such circumstances are not present here.

leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Amendment is futile when the "new claims asserted . . . would have been subject to dismissal as a matter of law." *Id.* at 1263.

## BACKGROUND

Mccomas alleges the following facts, which the Court accepts as true for purposes of the pending motion. Mccomas was arrested for trespassing on May 29, 2023, and "his booking photographs were taken and distributed in such a way that violated" the booking photograph restrictions found in O.C.G.A. § 35-1-19(c). Pl.'s Mot. for Leave to Amend ¶ 11, ECF No. 23. He claims that the ACCSO and Sheriff Williams were responsible for the distribution of his booking photographs to third parties for publishing. This distribution occurred on May 31, 2023, two days after his arrest. He also alleges a subsequent arrest on August 12, 2023, and that the booking photographs from that arrest were also inappropriately distributed for publication. Mccomas moved to amend his complaint to assert a "libel defamation" claim against the ACCSO, Sheriff Williams, and two unnamed ACCSO employees who may have participated in the distribution of his booking photographs. *Id.* ¶ 6.

DISCUSSION

Georgia law provides a one-year limitations period for defamation actions.[2] O.C.G.A. § 9-3-33 (actions for "injuries to the reputation . . . shall be brought within one year after the right of action accrues"). The right of action for defamation "accrues with the first publication of the defamatory material." *N. Atlanta Golf Operations, LLC v. Ward*, 870 S.E.2d 814, 822 (Ga. Ct. App. 2022). Mccomas states that the publication of his booking photographs occurred on May 31, 2023, and August 12, 2023. Pl.'s Reply to Defs.' Resp. to Pl.'s Mot. for Leave to Amend 3, ECF No. 27. The latest date on which his defamation claim accrued is, therefore, August 12, 2023. He did not file this action until September 9, 2024, which is over one year after that date. Accordingly, the statute of limitations bars his defamation claim.

Mccomas makes two arguments in an attempt to escape the consequences of the untimely assertion of his new claim. First, he argues that the limitations period for his defamation claim should restart each day that the photographs remain published. Georgia courts have rejected this argument, adhering to the "single publication rule." *Ward*, 870 S.E.2d at 821 (quoting *McCandliss v. Cox Enters., Inc.*, 593 S.E.2d 856, 858 (Ga. Ct. App. 2004)). Under this rule, "one publication is only one libel, regardless of the

---

[2] Neither party disputes that Georgia law applies to this action concerning conduct that occurred within Georgia.

3

times it was exposed to the view of different people" and the statute of limitations runs "from the date of initial publication." *Id.*

Mccomas next argues that the statute of limitations should be tolled pursuant to O.C.G.A. § 9-3-99, which allows for the tolling of certain claims by the victim of a crime if the cause of action arises from the facts and circumstances related to the crime. Here, Mccomas maintains that the publishing of his booking photographs was a crime, and he was the victim. Although the publication of the photographs could under certain circumstances violate the law, that publication is not a crime. Georgia law does prohibit "[a]n arresting law enforcement agency [from providing] . . . a booking photograph" to anyone if the photograph "may be placed in a publication or posted to a website or transferred to a person to be placed in a publication or posted to a website" and "[r]emoval or deletion of such booking photograph . . . requires the payment of a fee or other consideration." O.C.G.A. § 35-1-19(c). But in its enactment of this statutory provision, the Georgia legislature chose not to treat its violation as a crime. It provided no criminal penalties; nor did it declare it to be punishable as a public offense. Consistent with this clear intention not to treat a violation as a crime, the codifiers of the Georgia Code did not include it in the criminal title. *See* O.C.G.A. § 16-1-1 (indicating that title 16 of the Georgia Code is

4

the "Criminal Code of Georgia").  Because the alleged conduct giving rise to Mccomas's civil claim does not constitute a crime, the statute of limitations is not tolled under the crime victim tolling provisions of Georgia law (O.C.G.A. § 9-3-99).

## CONCLUSION

The defamation claim Mccomas now seeks to assert is clearly barred by the applicable statute of limitations.  Therefore, his motion to amend his complaint to assert that tardy and futile claim (ECF No. 23) is denied.

IT IS SO ORDERED, this 5th day of May, 2025.

                                     S/Clay D. Land
                                     CLAY D. LAND
                                     U.S. DISTRICT COURT JUDGE
                                     MIDDLE DISTRICT OF GEORGIA